**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **LAKISHA M. HURT,** |
| **Plaintiff,** |
| **v.** |
| **DISTRICT OF COLUMBIA,** *et al.*, |
| **Defendants.** |

**Civil Action No. 11-2144 (JDB)**

## MEMORANDUM OPINION & ORDER

Plaintiff Lakisha Hurt alleges she suffered severe and permanent injuries in February 2011 after employees of a Washington, D.C., nightclub escorted her outside and, joined by officers of the Metropolitan Police Department, threw her down the steps at the club's front entrance. Hurt has sued the District of Columbia, MPAC (d/b/a The Scene nightclub), Officer Marques McRae, and other unidentified Metropolitan Police Department officers for assault and battery, intentional infliction of emotional distress, and violation of her Constitutional and statutory rights.

Now pending before the Court are Hurt's motion to remand the case to the Superior Court of the District of Columbia, defendant District of Columbia's motion to dismiss, and Hurt's motion to strike or reply to defendant MPAC's opposition to remand.  For the reasons explained below, the Court will remand the case and deny the other motions as moot.

I. Motion for Remand

The District removed this case to this Court from Superior Court pursuant to 28 U.S.C. §§ 1441 and 1446.  Under those statutory provisions, causes of action "founded on a claim or

right arising under the Constitution, treaties or laws of the United States" may be removed

regardless of parties' residence or citizenship. Def.'s Notice of Removal (Dec. 1, 2011) [Docket

Entry 1] ("Def.'s Notice"). Plaintiff has now moved to remand the case back to the Superior

Court, on the ground that not all defendants served at the time of removal consented to the

District's removal of the case. Pl.'s Mot. Remand (Jan. 3, 2012) [Docket Entry 6] ("Pl.'s Mot.").

The District and MPAC have opposed remand. Def. D.C.'s Opp'n to Pl.'s Mot. Remand (filed

Jan. 3, 2012) [Docket Entry 8] ("D.C.'s Opp'n"); Def. MPAC's Opp'n to Pl.'s Mot. Remand

(March 16, 2012) [Docket Entry 14] ("MPAC's Opp'n").

A. Timeliness of Filing

   The District of Columbia contends that plaintiff's motion for remand, dated January 3,

2012, was untimely because the period allotted for making it, which began with the filing of the

notice of removal on December 1, 2011, expired on January 2, 2012. D.C.'s Opp'n 2. To the

contrary, plaintiff's motion for remand was timely filed. A motion for remand must be made

"within thirty days after the filing of the notice of removal." 28 U.S.C. § 1447(c). The deadline

for such a filing extends to the earliest day that is neither a weekend nor a federal holiday. Fed.

R. Civ. P. 6(a). The thirty-day period for plaintiff's response to the notice of removal thus ended

on January 3, 2012, as December 31, 2011, and January 1, 2012, were weekend days and January

2 was a federal holiday.

B. Rule of Unanimity

   A notice of removal must be filed "within thirty days" after the defendant receives "a

copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b). The District

satisfied this requirement by filing for removal on December 1, 2011, after being served with the

complaint on November 14, 2011. Def.'s Notice; Pl.'s Mot. Remand ¶ 2 & Ex. A. Nonetheless, removal to federal court additionally requires a timely demonstration of consent from *all* served defendants within thirty days of service of the complaint, under the widely recognized "rule of unanimity." *Balazik v. Cnty. of Dauphin,* 44 F.3d 209, 213 (3d Cir. 1995) (citing *Chicago R.I. & P. Ry. Co. v. Martin,* 178 U.S. 245, 247 (1900)); *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001); *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002); *Ok Yeon Cho v. Dist. of Columbia*, 547 F. Supp. 2d 28, 29-30 (D.D.C. 2008); *Williams v. Howard Univ.*, 984 F. Supp. 27, 29 (D.D.C. 1997).[1] If that condition is not met, a plaintiff's timely motion for remand will generally be granted. *See* 28 U.S.C. 1447(c); *Williams*, 984 F. Supp. at 29-30 ("This case must be remanded . . . because defendants did not *unanimously* seek removal to this Court.").[2]

A failure by defendants to obtain timely unanimous consent for removal is not a curable defect if the plaintiff objects to that removal within the thirty days granted under 28 U.S.C. § 1447(c). *Henderson v. Raemisch*, 10-CV-335-BBC, 2010 WL 3282803, at *2 (W.D. Wis. Aug. 19, 2010) (citing *Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509, 516 (6th Cir. 2003)); *Daniel v. Anderson Cnty. Emergency & Rescue Squad,* 469 F. Supp. 2d 494, 496 (E.D. Tenn. 2007). All doubts about removal should be resolved in favor of remand. *See Martin*, 178 U.S. at 247.

MPAC was served on November 17, 2011. Pl.'s Mot. Ex. B. Yet it filed nothing with the court until filing its answer to the complaint on February 16, 2012. MPAC did not file its consent

---

[1] Although different federal jurisdictions have varying interpretations of what specifically qualifies as consent to removal, there is a general consensus that every defendant must *somehow* show agreement within thirty days of being served. *See, e.g.*, *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 932 (8th Cir. 2012) ("In this circuit, it is not necessary for all defendants to actually sign the notice of removal so long as there is some timely filed written indication from each served defendant . . . that the defendant has actually consented." (internal citation and quotation marks omitted)).

[2] In interpreting the deadline for consent to removal in a multi-defendant case, judges in this district have applied the rule that each defendant has thirty days from being individually served to demonstrate consent. *See Ballard v. D.C.*, 813 F. Supp. 2d 34, 38 (D.D.C. 2011).

to the case's removal until March 16, 2012 (*after* plaintiff's motion for remand was filed and more than thirty days after MPAC was served). *See* MPAC's Opp'n ¶ 3(b).[3] Hence, MPAC failed to consent to the removal in a timely manner. There is no indication that MPAC requested leave to extend the time to file, nor has MPAC alleged "excusable neglect," in so many words, for its delays in filing. *See* Fed. R. Civ. P. 6(b)(1)(B).  MPAC does state that it did not retain counsel in time to file promptly, which resembles a claim of excusable neglect; but this fact is insufficient to prevent remand.  The removal statutes are strictly interpreted in favor of state court jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 100-07 (1941); *Russell,* 264 F.3d at 1050 ("There are several . . . bright line limitations on federal removal jurisdiction . . . that some might regard as arbitrary and unfair.  Such limitations, however, are an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove.").  The failure of a party to obtain counsel is an insufficient ground to overcome this strict rule.

The District of Columbia errs in arguing that this case falls within two of the three recognized exceptions to the rule of unanimity. The exceptions are: (1) where one or more of the defendants has not yet been served with the initial pleading when the removal petition was filed; (2) where a defendant is only a nominal or formal party-defendant; and (3) where the removed claim is separate and independent under 28 U.S.C. § 1441(c). *Ok Yeon Cho*, 547 F. Supp. 2d at 30. While one defendant, McRae, had not yet been served at the time of removal, the rule requires unanimity from those defendants who have been served. *See LaPoint v. Mid-Atlantic Settlement Servs.*, 256 F. Supp. 2d 1, 2 (D.D.C. 2003) ("In a multi-defendant case, removal requires unanimous consent of all defendants served with the complaint."). Moreover, the claim providing the basis for removal is not "separate and independent" from the common law claims

---

[3] The Court here refers to the second of the two ¶ 3s listed in defendant's filing.

made in the complaint's other two counts, as all three counts arose out of the same event. *See Neibuhr v. Nat'l R.R. Passenger Corp.*, 955 F. Supp. 135, 138-39 (D.D.C. 1997); *see also DiGirolamo v. Jillian's Entm't Corp.*, No. 02-656, 2002 U.S. Dist. LEXIS 4557, at *5 (E.D. Pa. March 19, 2002) (unanimous consent for removal required where the various claims arose from a "common nucleus of operative fact").

III. <u>Conclusion</u>

Regardless of whether the District was implicated in the federal claim and thus had authority to initiate removal as a served defendant, the removal was defective; hence, this Court lacks jurisdiction to evaluate the merits of the case. Therefore, [3] defendant District of Columbia's motion to dismiss and [15] plaintiff's motion to strike or reply to defendant MPAC's opposition to remand are moot, as the case cannot be adjudicated in this Court. Accordingly, upon consideration of [6] plaintiff's motion for remand, the memoranda filed by the parties, and the entire record herein, and for the reasons stated above, it is hereby

**ORDERED** that [6] plaintiff's motion for remand is **GRANTED**; it is further

**ORDERED** that [3] defendant District of Columbia's motion to dismiss is **DENIED AS MOOT**; it is further

**ORDERED** that [15] plaintiff's motion to strike or reply to defendant MPAC's opposition to remand is **DENIED AS MOOT**.

This case is hereby remanded to the Superior Court of the District of Columbia for further proceedings.

_____/s/_____
JOHN D. BATES
United States District Judge

Dated: <u>June 22, 2012</u>